# UNITED STATES DISTRICT COURT

for the

District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| In the Matter of the Search of | ) |
| :---: | :--- |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| A SILVER 2017 TOYOTA CAMRY BEARING NEW MEXICO LICENSE PLATE PKB979 AND VIN: 4T1BF1FK0HU446252 | ) Case No.  24-MR-417 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A, incorporated by reference.

located in the _____ District of __New Mexico__ , there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B, incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| :--- | :--- |
| 18 U.S.C. §§ 1153 and 113(a)(8) | Assault of an intimate partner by strangling in Indian Country |

The application is based on these facts:
See attached affidavit, which is incorporated herein by reference.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*M. Lane Cordova*
Applicant's signature

Michael Lane Cordova, FBI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __Telephonically sworn and electronically signed__ *(specify reliable electronic means)*.

*Paul Briones*
Judge's signature

Date: 03/05/2024

City and state: Farmington, New Mexico

Paul Briones, United States Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>A SILVER 2017 TOYOTA CAMRY<br>BEARING NEW MEXICO LICENSE PLATE<br>PKB979 AND VIN: 4T1BF1FK0HU446252 | Case No.    24-MR-417<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Michael Cordova, a Special Agent with the Federal Bureau of Investigation ("FBI"), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND PURPOSE OF THE AFFIDAVIT

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search of property – a silver 2017 Toyota Camry bearing New Mexico license plate PKB979 and Vehicle Identification Number (VIN) 4T1BF1FK0HU446252 – which is currently being held at Speedway Towing, address: 545 Allison Road, Gallup, New Mexico 87301. More detailed descriptions of the vehicle are contained within this affidavit and within Attachment A.

2. The vehicle listed above is referred to as the "SILVER CAMRY" in this affidavit. The SILVER CAMRY was towed to the aforementioned address following an arrest made by law enforcement in connection with an aggravated battery and driving under the influence of alcohol incident committed by ATSEE'BAHE MONTANO (YOB 1996) on the night of February 29th, 2024. Based on law enforcement statements obtained and interviews conducted during this investigation, I believe the SILVER CAMRY will contain items which are fruits, evidence, and instrumentalities of the violation described in paragraph three.

3. This affidavit is submitted in support of a search warrant for evidence, fruits, and

Affidavit for Search Warrant |Page 1

instrumentalities concerning offenses committed within Indian Country in violation of 18 U.S.C. §§ 1153 and 113(a)(8) – Assault of an intimate partner by strangling, by MONTANO. The specific evidence being sought has been detailed within Attachment B, which has been attached hereto and incorporated herein.

4. This affidavit does not set forth all my knowledge or summarize all of the investigative efforts in this matter; the affidavit sets forth only the facts that support probable cause to search the SILVER CAMRY, as well as relevant background information. Any observations referenced herein that I did not personally witness were relayed to me in oral or written reports by members of the investigative team, who assisted during this investigation.

## SUMMARY

5. On the evening of February 29, 2024 MONTANO was arrested for aggravated battery and driving under the influence of alcohol by the Navajo Police Department in the vicinity of Coyote Canyon, New Mexico. Prior the arrest, KS (YOB 1993), hereinafter referred to as "JANE DOE", was seen in the area partially naked with visible face and neck injuries. JANE DOE later stated that she had been in the SILVER CAMRY with MONTANO and that MONTANO had physically assaulted her in the vicinity of which JANE DOE was found. MONTANO was charged for aggravated battery and driving under the influence of alcohol and is currently in custody of the Navajo Police Department. Prior to his arrest, MONTANO was in the SILVER CAMRY and he left behind his cell phone and other items used in relation to the assault committed on JANE DOE.

## AFFIANT'S RELEVANT TRAINING AND EXPERIENCE

6. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since June of 2021. As such, I am a federal law enforcement officer with the

meaning of Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2510. I am assigned to the Gallup Resident Agency of the Albuquerque Field Office of the FBI. As such, I am an officer of the United States of America who is empowered to investigate and make arrests for offenses and to conduct searches as requested in this warrant. I have received on the job training from other experienced agents, detectives, and the Assistant United States Attorneys in the investigations of Indian Country matters, homicides, sexual assault crimes, gang related crimes, narcotics trafficking, firearms violations, carjackings, and bank robberies. My investigative training and experience includes, but is not limited to, interviewing subjects, targets, and witnesses; writing affidavits for and executing search and arrest warrants; managing cooperating sources; collecting evidence; conducting surveillance; and analyzing public records. Moreover, I am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. §§1153 and 113(a)(8) – Assault of an intimate partner by strangling in Indian Country.

7. My investigative experience includes interviewing subjects, targets and conducting surveillance; executing search and arrest warrants and working on joint investigations and operations with law enforcement officers from other state and federal agencies, including the Drug Enforcement Administration, Navajo Police Department, Albuquerque Police Department, New Mexico State Police, and Bernalillo County Sheriff's Office.

8. Through my training and experience, I am familiar with the methods and means utilized by individuals that commit assaults resulting in serious bodily injury.  I am aware individuals engaged in assaults typically use the same method of operation (MO) in all their assaults. Individuals that commit assault often have detailed conversations with their victims in order to further assist the act of violence that will be committed.

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

9. On the evening of February 29, 2024, MONTANO was arrested by the Navajo Police Department for aggravated battery and driving under the influence of alcohol in the vicinity of Coyote Canyon, New Mexico. Prior to MONTANO's arrest, the Navajo Police Department received a call stating that a male in a silver sedan was trying to get rid of a partially naked female with visible injuries 1.4 miles North of the Coyote Canyon Chapter House, which is within the exterior boundaries of the Navajo Nation. Witness statements described the woman as having bruising and swelling around her eyes, blood on both top and bottom lips, and bite marks on her back. The woman made statements to witnesses explaining that the male in the silver sedan had hit and choked her. Witnesses also stated that the female claimed both her and the male in the silver sedan had been drinking vodka prior to the incident. The male in the silver sedan was later identified by law enforcement officers as MONTANO and the female was identified as JANE DOE.

10. On February 29th, 2024 at approximately 10:59pm, I received a phone call from Navajo Police Department Criminal Investigator ("CI") Pamela Hurley stating that a female in her early 30's, later identified as JANE DOE, had been brought to Gallup Indian Medical Center (GIMC) for injuries consistent with strangulation and battery. I responded to GIMC and conducted an interview with JANE DOE where she described being assaulted previously in the night by MONTANO as a result of turning down sexual advances made by MONTANO. JANE DOE stated that she had not previously had sex with MONTANO. JANE DOE described having an altercation with MONTANO in his vehicle while driving to JANE DOE's father's house, resulting in her being strangled by MONTANO to the point of losing consciousness; and also recalling MONTANO hitting JANE DOE in the face. JANE DOE stated that after regaining consciousness she was on the side of the road in an unknown

location missing both her pants and underwear. JANE DOE could not recall where her cellular phone was located and that she was only able to notify for help by "flagging down" people as they drove by.

11. On March 01, 2024, I interviewed MONTANO who was detained in Navajo Nation tribal custody. I provided MONTANO with his Miranda rights and he consented to an interview. MONTANO said that he had met JANE DOE through an online dating application in January of 2024. MONTANO stated he had consumed alcohol and had consensual sex with JANE DOE prior to being arrested on February 29th, 2024. MONTANO said that this was not the first time that he and JANE DOE had consensual sex. MONTANO stated after having sex with JANE DOE that JANE DOE had become angry and started hitting MONTANO, and that he acted in self-defense by restraining and/or hitting her back. MONTANO also stated that JANE DOE defecated twice in his room. MONTANO claimed that the injuries present on JANE DOE's face were a result of her falling and that bruising on JANE DOE's neck were "hickeys" caused during their previous sexual encounter. MONTANO stated that he had wrapped JANE DOE in a blanket because he was unaware of the location of her pants and underwear and was attempting to drive JANE DOE home when an altercation started while driving, causing MONTANO to lose control of his vehicle. MONTANO said that JANE DOE exited the SILVER CAMRY on her own accord after the altercation and left the aforementioned banket within the SILVER CAMRY. MONTANO stated that his cell phone was currently located in the SILVER CAMRY and on his cell phone he had proof of previous conversations in the form of messages detailing that he and JANE DOE have previously had consensual sex and that JANE DOE has hit MONTANO in the past. MONTANO also said that a blanket was present in his vehicle that MONTANO had used to cover JANE DOE after falling.

12. On March 01, 2024, CI Hurley and I re-interviewed JANE DOE. During the course of the

interview, JANE DOE confirmed that she had met MONTANO by means of an online dating application. JANE DOE stated that she has previously had consensual sex with MONTANO and on multiple occasions hung out with MONTANO at MONTANO's residence.

13. Subject, victim, and witness statements obtained during this investigation, and what can also be observed in plain view show the SILVER CAMRY contains MONTANO's cell phone, the DEVICE, a gray in color blanket with what appears to be blood in several areas, and other possible evidence items used in furtherance of the crimes listed in this affidavit.

14. Upon information and belief, both MONTANO and JANE DOE are enrolled members of the Navajo Nation and are Indians for purposes of federal law.

15. Based on the information described above, I believe there is probable cause to search the SILVER CAMRY described in Attachment A, for evidence, fruits and instrumentalities of the violations listed in paragraph 3, as further detailed in Attachment B.

## SUBJECT VEHICLE

16. The SUBJECT VEHICLE may be described as silver in color 2017 Toyota Camry bearing New Mexico PKB979, VIN Number 4T1BF1FK0HU446252.

## CONCLUSION

17. Based on all the above information, I submit there is probable cause to search the SILVER CAMRY described in Attachment A, for the items described in Attachment B, which are evidence, fruits, and instrumentalities of, or property designated for use, intended for use, or used in committing the aforementioned crime, that is: violation of 18 U.S.C. §§ 1153 and 113(a)(8) – Assault of an intimate partner by strangling.

18. This Affidavit was reviewed and approved by Supervisory Assistant United States Attorney Alex Flores.

Respectfully Submitted,

*M. Lane Cordova*
_____
Michael Cordova
Special Agent, FBI

SUBSCRIBED TO AND SWORN BEFORE ME ON MARCH __5th__, 2024.

*Paul Briones*
_____
Honorable Paul Briones
United States Magistrate Judge
District of New Mexico

# ATTACHMENT A

PROPERTY TO BE SEARCHED

This warrant authorizes the search of the property identified as the TARGET VEHICLE, a 2017 Silver colored Toyota Camry bearing New Mexico license plate PKB979 and Vehicle Identification Number (VIN) 4T1BF1FK0HU446252.

**ATTACHMENT B**

PROPERTY TO BE SEIZED BY THE GOVERNMENT

The location to be searched as described in Attachment A contains fruits, evidence, information relating to, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. § 1153 - Offenses Committed within Indian Country and 18 U.S.C. § 113(a)(8) – Assault of an intimate partner by strangling, as described in the search warrant affidavit, including:

1. Any electronic mobile devices such as cellular telephones, tablets, and other electronic devices located within the vehicle.
2. Photos of the inside and the outside of the vehicle
3. Blankets, towels, and clothing items.
4. Collection of any biological evidence including bodily fluids, DNA, and blood on the inside and outside of the vehicle.
5. Collection of fingerprints.